**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HENRY MAURICIO PEREZ-SALAZAR,

Petitioner,

v.

Case No. 2:26-cv-03074-MIS-LF

WARDEN, Otero County Processing Center; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; ACTING FIELD OFFICE DIRECTOR, El Paso Field Office, Immigration and Customs Enforcement, Enforcement and Removal Operations; ATTORNEY GENERAL of the United States; and MARKWAYNE MULLIN, Secretary of the Department of Homeland Security,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Henry Mauricio Perez-Salazar's pro se Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed September 15, 2026. The federal Respondents filed a Response on September 30, 2026 ("Response").[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I. Background

Petitioner is a citizen of Guatemala who entered the United States on or about September 8, 2023, near Santa Teresa, New Mexico. Pet. ¶ 8. The U.S. Department of Homeland Security ("DHS") took him into immigration detention, placed him in removal proceedings, issued a Notice

[1] The Clerk's Office served all Respondents pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

to Appear, and conditionally released him on an Order of Release on Recognizance. Id. ¶¶ 9-10; see also Order of Release on Recognizance, ECF No. 1 at 11-12. Petitioner complied with the conditions of his release for three years before U.S. Immigration and Customs Enforcement ("ICE") arrested him on July 20, 2026, without explanation. Pet. ¶¶ 15-16, 21-22. He is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. ¶ 17. He has not received an individualized custody determination. Id. ¶ 23.

On September 15, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus, ECF No. 1, to which Respondents filed a Response, ECF No. 6.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his re-detention is unlawful because, inter alia, he was not provided a pre-deprivation bond hearing to determine whether he is a flight risk or a danger. ECF No. 1 ¶¶

27-31. He argues that his detention violates his rights under the Fifth Amendment's Due Process clause. Id. ¶¶ 32-35. He seeks immediate release. Id. at 6.

Respondents concede that Petitioner is detained pursuant to 8 U.S.C. § 1226 and, therefore, is entitled to a bond hearing, but assert that Petitioner has not requested one. ECF No. 6 at 1. They further argue that Petitioner's detention is lawful because he was arrested on July 16, 2026, pursuant to a warrant for arrest, id. ¶ 2, and attached to their Response an unsigned warrant for Petitioner's arrest, see ECF No. 6-2. They argue that in any event, Petitioner cannot challenge his allegedly unlawful arrest in these proceedings because he is currently detained pursuant to the INA, not pursuant to the warrant of arrest. Id. at 2-3. They further argue that assuming arguendo that Petitioner is entitled to a bond hearing, he should bear the burden of proving he is neither a danger nor a flight risk. Id. at 4-6. They argue that if Petitioner is entitled to habeas relief, the Court should order a bond hearing. Id. at 6-7.

The Court finds that Petitioner is entitled to habeas relief for the reasons explained in Diallo v. Orozco, No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *2-5 (D.N.M. Mar. 4, 2026) and Cuauro v. Facility Warden, Case No. 2:26-cv-01110-MLG-KK, 2026 WL 1895912, at *2 (D.N.M. June 22, 2026), which the Court hereby adopts. See also Singh v. Noem, 824 F. Supp. 3d 1197, 1209-15 (D.N.M. 2026). Briefly, on June 9, 2021, DHS released Petitioner from immigration detention on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226(a)(2) after an immigration officer made an initial determination that he was neither a danger to the community nor a flight risk, ECF No. 1 at 11-12. Cuaruro, 2026 WL 1895912, at *2 (citing 8 C.F.R. § 236.1(c)(8)). "Because he was initially released from Respondents' custody pursuant to § 1226(a)(2), the Court hereby finds his re-detention without an immigration court's finding of

dangerousness or risk of flight constitutes a violation of the Fifth Amendment's Due Process Clause." Id.

> Specifically, the Court concludes that due process demands that Petitioner receive a pre-deprivation hearing[2] because (1) he has a clear liberty interest in remaining out of custody; (2) the risk of erroneous deprivation under the procedures used here is high, and the probable value of additional procedural safeguards is considerable, given that [Petitioner] was re-detained despite the Government's failure to provide any valid legal basis to justify his civil detention; and (3) the United States' interest in detaining him is low because they have already released him on his own recognizance, and the cost of a pre-deprivation hearing is minimal.

Id. (footnote in original as footnote 6) (citing Diallo, 2026 WL 608746, at *3-4).

Because Petitioner did not receive a pre-deprivation hearing, his detention is an ongoing violation of his right to due process. Id. (citations omitted). The Court therefore orders his immediate release. The Court further orders that Petitioner shall not be re-detained, absent a final order of removal, without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk (because it has already found that he is neither, and Respondents do not assert that conditions have changed). Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

---

[2] The Mathews v. Eldridge balancing test guides this analysis. 424 U.S. 319, 335 (1976); see Diallo, 2026 WL 608746, at *3-4[.]

2. Respondents are **ORDERED** to immediately release Petitioner Henry Mauricio Perez-Salazar from custody/detention without restraints beyond those that existed before his unlawful detention;

3. Respondents shall return all of Petitioner's seized belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner, absent a final order of removal, without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE